*MB*



**FILED**

JUN 2, 2010

JUN - 2 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Ex Rel.* Linda Nicholson<br><br>           Plaintiffs,<br><br>    vs.<br><br>Lilian Spigelman M.D., Hephzibah<br>Children's Association, and Sears<br>Pharmacy,<br><br>          Defendants. | Case No. **10C 3361**<br><br>Hon. ,<br>Presiding Judge<br><br>**JUDGE HOLDERMAN**<br><br>Magistrate Judge<br><br>*FILED IN CAMERA*<br>*AND UNDER SEAL*<br>**MAGISTRATE JUDGE SCHENKIER** |

## PLAINTIFF'S COMPLAINT PURSUANT TO 31 U.S.C §§ 3729-3732 OF THE FEDERAL FALSE CLAIMS ACT

The United States of America, by and through *qui tam* relator Linda

Nicholson (Relator), brings this action under 31 U.S.C §3729, *et seq.*, as amended

(False Claims Act) to recover all damages, penalties and other remedies

established by the False Claims Act on behalf of the United States.

### I. PRELIMINARY STATEMENT

1.    This is an action to recover damages and civil penalties on behalf of

the United States of America, for violations of the False Claims Act arising from

false or fraudulent records, statements, or claims, or any combination thereof,

made, used or caused to be made, used, or presented, or any combination thereof,

by the defendants, their agents, employees, or co-conspirators, or any combination

1

thereof, with respect to false claims for outpatient psychotropic medications prescribed to children and youth for which claims were presented to the federal Medicaid Program.

2.     The False Claims Act was enacted during the Civil War. Congress enacted major amendments to the False Claims Act in 1986 to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the False Claims Act, which Congress characterized as the primary tool for combating government fraud, was in need of modernization.  Congress intended that the amendments create incentives for individuals with knowledge of fraud against the government to disclose the information without fear of reprisals or Government inaction, and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

3.     The False Claims Act provides that any person who knowingly submits, or causes the submission of, a false or fraudulent claim to the U.S. Government for payment or approval is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of the damages sustained by the Government.

4.     The Act allows any person having information about a false or fraudulent claim against the Government to bring an action for the Government, and to share in any recovery.  The Act requires that the complaint be filed under seal for a minimum of 60 days (without service on the defendant during that time)

2

to allow the Government time to conduct its own investigation and to determine whether to join the suit.

5.    Under Medicaid, (a) psychiatrists and other prescribers, (b) mental health agencies or providers, and (c) pharmacies, all have specific responsibilities to prevent false claims from being presented and are liable under the False Claims Act for their role in the submission of false claims.

6.    This is an action for treble damages and penalties for each false claim and each false statement under the False Claims Act, 31 U.S.C. §3729, et seq., as amended.

## II. PARTIES

7.    Relator Linda Nicholson's minor child Jaquelynn Marie (Jackie) Nicholson, born June 19,1997, was prescribed and given psychiatric medications, and claims were presented for Medicaid reimbursement which constitute false claims under the False Claims Act.

8.    Defendant Lilian Spigelman M.D., resides in the Northern District of Illinois. Spigelman, (a) prescribed psychiatric medications to Relator's minor child and other children and youth when minors, and (b) continues to prescribe such medications to children and youth when minors, while knowing within the meaning of the False Claims Act that claims for these prescriptions would be and will be presented to Medicaid for reimbursement and constitute false claims under the False Claims Act.

3

9.      Defendant Hephzibah Children's Association  transacts business in the Northern District of Illinois, and (a) presented or caused to be presented claims to Medicaid for psychiatric medications prescribed and given to Relator's minor child and other minors, and (b) continues to present or cause to be presented claims to Medicaid for psychiatric medications prescribed and given to minors, while knowing within the meaning of the False Claims Act that such claims constitute false claims under the False Claims Act.

10.     Defendant Sears Pharmacy transacts business in the Northern District of Illinois, and (a) presented claims to Medicaid for psychiatric medications prescribed and given to Relator's minor child and other minors, and (b) continues to present claims to Medicaid for psychiatric medications prescribed and given to minors, while knowing within the meaning of the False Claims Act that such claims constitute false claims under the False Claims Act.

### III. JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, and 31 U.S.C. §3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§3729 and 3730.

12.     There have been no public disclosures of the allegations or transactions contained herein that bar jurisdiction under 31 U.S.C. §3730(e).

13.     This Court has personal jurisdiction over the defendants pursuant to 31 U.S.C. §3732(a) because that section authorizes nationwide service of process

and because all the defendants have at least minimum contacts with the United States, and can be found in, reside, or transact or have transacted, business in the Northern District of Illinois.

14.     Venue exists in the United States District Court for the Northern District of Illinois pursuant to 31 U.S.C. § 3730(b)(1) because all of the defendants have at least minimum contacts with the United States, and all the defendants can be found in, reside, or transact or have transacted business in the Norhtern District of Illinois.

## IV. APPLICABLE LAW

### A. Medicaid

15.     Medicaid is a public assistance program providing for payment of medical expenses for low-income patients. Funding for Medicaid is shared between the federal government and state governments.

16.     Federal reimbursement for prescription drugs under the Medicaid program is, as relevant, limited to "covered outpatient drugs." 42 U.S.C. 1396b(i)(10), 1396r-8(k)(2), (3).

17.     Outpatient drug prescriptions, as relevant, are covered under Medicaid, i.e., reimbursable, only if the drug is prescribed for a medically accepted indication, defined as indications approved by the Food and Drug Administration (FDA), or supported by one or more of the following Compendia:

> (i) American Hospital Formulary Service Drug Information,
>
> (ii) United States Pharmacopeia-Drug Information (or its successor

publications), or

(iii) DRUGDEX Information System,

(Covered Outpatient Drugs).

18.     Every Medicaid provider must agree to comply with all Medicaid requirements.

**B. False Claims Act**

19.     False Claims Act liability attaches to any person who knowingly presents or causes a false or fraudulent claim to be presented for payment, or to a false record or statement made to get a false or fraudulent claim paid by the government. 31 U.S.C. §3729(a)(1)&(2).

20.     Under the False Claims Act, "knowing" and "knowingly" mean that a person, with respect to information:

(1) has actual knowledge of the information;

(2) acts in deliberate ignorance of the truth or falsity of the information; or

(3) acts in reckless disregard of the truth or falsity of the information,

and no proof of specific intent to defraud is required. 31 U.S.C. §3729(b).

21.     The False Claims Act is violated not only by a person who makes a false statement or a false record to get the government to pay a claim, but also by one who engages in a course of conduct that causes the government to pay a false or fraudulent claim for money.

6

## V. ALLEGATIONS

22.     Defendant Spigelman prescribed the following psychotropic drugs to

Relator's minor child that were not for a medically accepted indication:

| (DATE) | (DRUG) | (AMOUNT) | (PHARMACY) |
|--------|--------|----------|------------|
| 6/4/2004 | Celexa 10 mg tablet | $72.09 | Sears Pharmacy |
| 7/1/2004 | Celexa 10 mg tablet | $72.09 | Sears Pharmacy |
| 7/30/2004 | Celexa 10 mg tablet | $72.09 | Sears Pharmacy |
| 8/30/2004 | Celexa 10 mg tablet | $72.09 | Sears Pharmacy |
| 9/28/2004 | Celexa 10 mg tablet | $19.43 | Sears Pharmacy |

23.     Defendant Hephzibah caused the presentment to Medicaid of claims

for psychotropic drugs prescribed to Relator's minor child set forth in Paragraph

22 supra, that were not for a medically accepted indication.

24.     Defendant Sears presented claims to Medicaid for reimbursement for

the psychotropic drugs prescribed to Relator's minor child set forth in Paragraph

22 supra, that were not for a medically accepted indication.

## VI. CAUSES OF ACTION

**Count 1: Spigelman Liability for Uncovered Drugs**

25.     Spigelman prescribed the psychotropic drugs to Relator's minor

child set forth in paragraph 22 supra, and prescribed psychotropic drugs to other

minors, that are not for medically accepted indications, thereby causing claims for

such prescriptions to be made to Medicaid for reimbursement,

(1) with actual knowledge;

7

(2) in deliberate ignorance; or

(3) in reckless disregard

that such claims are false, and is therefore liable under the False Claims Act.

26.    Upon information and belief, Spigelman continues to prescribe psychotropic drugs to minors that are not for medically accepted indications, thereby causing claims for such prescriptions to be made to Medicaid for reimbursement,

(1) with actual knowledge;

(2) in deliberate ignorance; or

(3) in reckless disregard

that such claims are false, and is therefore liable under the False Claims Act.

**Count 2: Hephzibah Liability for Uncovered Drugs**

27.    Hephzibah caused the presentment to Medicaid of claims for psychotropic drugs prescribed to Relator's minor child, and to other minors, that are not for medically accepted indications, and upon information and belief continues to cause claims to be presented to Medicaid for reimbursement of psychotropic drugs prescribed to minors that are not for medically accepted indications, by providing or arranging for psychiatric services to Relator's minor child and to other minors,

(1) with actual knowledge;

(2) in deliberate ignorance; or

(3) in reckless disregard

8

that such claims are false, and is therefore liable under the False Claims Act.

**Count 3: Sears Liability For Uncovered Drugs**

28.    Sears presented claims to Medicaid for reimbursement of prescriptions of psychotropic drugs to Relator's minor child, and to other minors, and upon information and belief continues to present claims to Medicaid for prescriptions of psychotropic drugs to minors that are not for medically accepted indications,

> (1) with actual knowledge;
>
> (2) in deliberate ignorance; or
>
> (3) in reckless disregard

that such claims are false, and is therefore liable under the False Claims Act.

## VII. DEFENDANTS' LIABILITY

29.    By virtue of the acts described above, defendants knowingly (a) presented and continue to present, and/or (b) caused and/or continue to cause to be presented, false or fraudulent claims to the United States Government for payment of psychiatric drugs prescribed to Relator's minor child, and to other minors, that are not for indications approved by the FDA or supported by one or more of the Compendia.

30.    The Government paid and continues to pay such false claims.

30.    By reason of the defendants' acts, the United States has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, through Relator, Linda Nicholson, requests the Court enter the following relief: A.) That defendants be ordered to cease and desist from violating 31 U.S.C. §3729 *et seq*.; B.) That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729; C.) That Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act; D.) That Relator be awarded all costs of this action, including attorneys' fees and expenses; and E.) That Relator recover such other relief as the Court deems just and proper.

PLAINTIFFS REQUEST TRIAL BY JURY.

Respectfully submitted,

S. RANDOLPH KRETCHMAR
ARDC Reg. # 6275303

S. RANDOLPH KRETCHMAR
ATTORNEY AT LAW
1170 MICHIGAN AVENUE
WILMETTE, IL 60091
(847) 853-8106 voice
(847) 853-0114 fax
s_randolph@earthlink.net

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Ex Rel.* Linda Nicholson<br><br>Plaintiffs,<br><br>vs.<br><br>Lilian Spigelman M.D., Hephzibah<br>Children's Association, and Sears<br>Pharmacy,<br><br>Defendants. | **10C 3361**<br>Case No.<br><br>Hon. ,<br>Presiding Judge    **JUDGE HOLDERMAN**<br><br>Magistrate Judge<br><br>*FILED IN CAMERA*<br>*AND UNDER SEAL*<br><br>**MAGISTRATE JUDGE SCHENKIER** |

## CERTIFICATE OF SERVICE

I, S. Randolph Kretchmar, certify that on June 2, 2010, I served the United States Attorney's Office, Northern District of Illinois, Eastern Division, with a true copy of the attached PLAINTIFF'S COMPLAINT PURSUANT TO 31 U.S.C §§ 3729-3732 OF THE FEDERAL FALSE CLAIMS ACT, which was filed under seal June 2, 2010, with the Clerk of the Court, by hand delivering the same to 219 S. Dearborn St., 5th Floor, Chicago, IL 60604.

I further certify that on June 2, 2010, I served Attorney General of the United States Eric H. Holder, Jr. with a true copy of the attached PLAINTIFF'S COMPLAINT PURSUANT TO 31 U.S.C §§ 3729-3732 OF THE FEDERAL FALSE CLAIMS ACT, by enclosing the same in an envelope and mailing it to him at U. S. Dept. of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, with Certified Mail postage fully paid, from the United States Post Office in Chicago, IL.

S. Randolph Kretchmar, Attorney at Law
1170 Michigan Ave., Wilmette, IL 60091
847-853-8106 voice, 847-853-0114 fax
s_randolph@earthlink.net