IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LINDA NICHOLSON, | ) ) ) |
| Plaintiff, | ) ) No. 10 C 3361 |
| v. | ) ) The Honorable Gary Feinerman |
| LILIAN SPIGELMAN M.D., HEPHZIBAH CHILDREN'S ASSOCIATION, and SEARS PHARMACY, | ) ) Magistrate Judge Sidney I. Schenkier ) ) |
| Defendants. | ) |

RENEWED MOTION OF DEFENDANT HEPHZIBAH
CHILDREN'S ASSOCIATION FOR AN EXTENSION
OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendant Hephzibah Children's Association respectfully renews its motion (previously denied by the Court without prejudice) for an extension until November 16, 2010 for all defendants to answer or otherwise plead to the complaint. In support of this motion, Hephzibah states:

1. This is a *qui tam* case under the False Claims Act. The defendants are Hephzibah Children's Association, a not-for-profit social services agency that operates a residential home for children in Oak Park; Lilian Spigelman, M.D., a psychiatrist who rendered a psychiatric consultation for relator's child residing at Hephzibah; and Sears Pharmacy, where five prescriptions for a drug called Calisaya for relator's child were filled. Relator's child was a resident at Hephzibah for a period during in 2004 pursuant to a court order obtained by the Illinois Department of Children and Family Services after allegations of child abuse were made.

2. This action is one of several False Claims Act cases filed in various American jurisdictions at the instance of an Alaska-based organization opposed to the use of psychotherapeutic drugs in children, and according to that organization is the first such complaint to have been unsealed. Relator alleges that her child was prescribed the

psychotherapeutic drug Calisaya while the child was at Hephzibah; that the use of Calisaya for her child was an "off label" use of the drug; that Illinois Medicaid and/or the United States have policies in effect under which prescriptions of drugs for "off label" uses are eligible for reimbursement only under conditions not present in this case; and that hence when five prescriptions for Calisaya were submitted to Illinois Medicaid for reimbursement (and apparently reimbursed), the result was the presentation to the United States of a "false claim" in violation of the False Claims Act.

     3. The lawsuit was filed in June 2010 under seal, pursuant to the procedures of the False Claims Act. Although the complaint does not say so, it appears that the United States almost immediately declined to intervene in this suit, leaving relator free to pursue it in the name of the United States, and that the complaint was subsequently unsealed, requiring relator thereafter to serve defendants.

     4. Hephzibah and the other two defendants were served September 24, 2010. The date for them to answer or otherwise plead is presently October 15, 2010.

     5. Hephzibah requires further time to answer or otherwise plead, for the following reasons.

     (a) This is Hephzibah's first encounter with a claim of violation of the False Claims Act and the filing of such a lawsuit by a person with whom Hephzibah had not dealt since 2004 came as a complete surprise. Accordingly, the process of investigating the facts of treatment that dates from six years ago, tendering this claim to Hephzibah's liability insurer, dealing with the insurer as to whether the claim is covered and on what terms, arranging for legal representation acceptable to the insurer, and investigating the facts of how psychotherapeutic medications for children housed at Hephzibah have been treated by Illinois Medicaid requires more time than would be the case with routine sorts of legal claims with which Hephzibah and the other defendants are familiar.

     (b) In particular, further time is needed to resolve the question of who will provide representation to the various defendants. Hephzibah's Board of Directors is currently

considering whether Hephzibah will provide indemnification and/or a defense to Dr. Spigelman and/or to Sears Pharmacy. Resolving that question in turn is requiring Hephzibah's counsel to investigate whether joint representation would raise any possibility of conflict of interest and will require counsel to consult with Hephzibah's insurer. How these questions are resolved will determine whether Dr. Spigelman and Sears Pharmacy must obtain their own representation or whether their defense will be provided by Hephzibah, and may affect the content of Hephzibah's response to the complaint.

      6. Hephzibah presently believes that a 30-day extension, to November 16, 2010, will be adequate to resolve these questions and to enable Hephzibah and other defendants to file an adequate answer or other appropriate response to the complaint.

      7. The requested extension will not prejudice the real plaintiff in interest, the United States, which has declined to intervene in this lawsuit.

                          Respectfully submitted,

                          /s/ George F. Galland, Jr.
                          George F. Galland, Jr.
                          One of the Attorneys for Defendant
                          Hephzibah's Children's Association

Miner, Barnhill & Galland, P.C.
14 W. Erie St.
Chicago, IL 60654
(312) 751-1170

<u>CERTIFICATE OF SERVICE</u>

      Lisa Mecca Davis certifies that she caused a copy of the foregoing Renewed Motion to be served upon all counsel of record, by this Court's electronic-filing system, this fourth day of October, 2010.

                                      <u>/s/ Lisa Mecca Davis</u>
                                      Lisa Mecca Davis